**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0570n.06

No. 17-1261

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 06, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UTICA COMMUNITY SCHOOLS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RICHARD ALEF, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS, COOK, and THAPAR, Circuit Judges.

PER CURIAM. Utica Community Schools (UCS) appeals the district court's judgment dismissing its third-party complaint against attorney Richard Alef for costs and attorneys' fees pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415. As set forth below, we affirm the district court's judgment.

In September 2012, Alef filed a due process complaint with the Michigan Department of Education on behalf of Jeannine Somberg and her son Dylan, an eighteen-year-old student with autism spectrum disorder, alleging that UCS had denied Dylan a free appropriate public education (FAPE) in violation of the IDEA. An administrative law judge (ALJ) held several prehearing conferences and preliminary motions. At one hearing, the ALJ went through an amended version of the due process complaint "paragraph by paragraph" with the parties to narrow the number of issues raised and requests for relief sought. Eventually, the the ALJ conducted a hearing on the alleged FAPE violations. The ALJ's decision concluded that Dylan

was denied a FAPE for the 2012-2013 school year because his individualized education program (IEP) lacked measurable goals and failed to provide an appropriate transition plan. The ALJ further determined that, to the extent that UCS admitted that Dylan's schedule was not in compliance with his IEP at the beginning of the school year, he was denied a FAPE, but that the issue had since been resolved. Dismissing the complaint in part, the ALJ rejected the Sombergs' claims that procedural errors resulted in the denial of a FAPE and that Dylan was not being educated in the least restrictive environment. Specifically, the ALJ concluded that, contrary to the Sombergs' allegation, there was no secret meeting about Dylan's IEP to which they were not a party. As relief, the ALJ ordered UCS to reconvene the IEP team to develop a transition plan and establish measurable academic and functional goals for Dylan and to complete an assistive technology assessment. The ALJ denied any compensatory relief.

The Sombergs subsequently brought an action under the IDEA for attorney's fees and judicial review of the ALJ's decision. *Somberg v. Utica Cmty. Sch.*, No. 2:13-cv-11810 (E.D. Mich. filed Apr. 23, 2013) (*Somberg*). UCS filed a counterclaim against Jeannine Somberg and a third-party complaint against Alef for costs and attorneys' fees under the IDEA, alleging that they brought the administrative complaint for an improper purpose and made frivolous allegations.

Upon the parties' stipulation, the district court severed UCS's third-party complaint against Alef, which proceeded as a separate civil action. *Utica Cmty. Sch. v. Alef*, No. 2:13-cv-14022 (E.D. Mich. filed Sept. 19, 2013) (*Alef*). In the severed case, Alef filed a motion for summary judgment. On March 13, 2015, the district court denied Alef's motion without prejudice and deferred ruling on attorneys' fees in both cases until it resolved the cross-motions for judgment on the administrative record that had been filed in *Somberg*.

On March 30, 2016, the district court issued a decision granting the Sombergs' motion for judgment on the administrative record and denying UCS's motion. The district court determined that Dylan was entitled to some measure of compensatory education but reserved ruling on the "quality and quantity" of such education pending a bench trial. The district court further found that UCS's counterclaim against Jeannine Somberg for costs and attorneys' fees was without merit, concluding that UCS failed to prove by a preponderance of the evidence that the administrative complaint was frivolous or brought for an improper purpose. The Sombergs then filed a motion for costs and attorney's fees against UCS, which the district court granted. After a bench trial, the district court ordered UCS to pay for 1200 hours of compensatory education and one year of transition planning for Dylan.

On January 18, 2017, the district court ordered UCS to show cause why the *Alef* case should not be dismissed for failure to prosecute. The district court noted the lack of any action in *Alef* since its order deferring a determination on attorneys' fees and questioned the viability of the case against Alef given his clients' success on the merits in *Somberg*. In response, UCS asserted that the parties' stipulation and the district court's severance order contemplated a delay before the district court disposed of *Somberg* and considered the third-party complaint. Asserting that the district court could now consider the third-party complaint, UCS argued that it was entitled to costs and attorneys' fees because Alef made frivolous allegations during the administrative case. The district court dismissed UCS's third-party complaint. It concluded that UCS's allegations neither supported a finding that it was a prevailing party nor rose to the level of "an egregious case of misconduct." The district court went on to find that UCS had failed to show cause why the case should not be dismissed for failure to prosecute, pointing out that UCS's response did not provide an explanation for the "long inertia totaling nearly nine months"

after the district court ruled on the cross-motions for judgment on the administrative record in *Somberg*.

This timely appeal followed. UCS moves this court to hold this appeal in abeyance until the district court enters a final order in *Somberg*, asserting that the issue on appeal requires this court to analyze Alef's conduct during both the administrative case and *Somberg* and that presentation of both cases at the same time serves judicial economy because the two cases involve the same parties, the same attorneys, and the same facts. Given that the allegations in UCS's third-party complaint involve Alef's conduct only during the long-closed administrative case, however, we see no need to hold this appeal in abeyance.

We review for abuse of discretion the district court's decision regarding whether to award costs and attorneys' fees. *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004). "A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Id.*

UCS sought costs and attorney fees against Alef pursuant to the IDEA's fee-shifting provision, which states in relevant part:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
>
> . . .
>
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation . . . .

20 U.S.C. § 1415(i)(3)(B)(i)(III). In its third-party complaint, UCS alleged that the amended complaints filed by Alef in the administrative case made various false assertions, including that UCS conducted a secret meeting to amend Dylan's IEP. The complaint also identified other

allegations that the ALJ found to be legally insufficient or outside the jurisdiction of the administrative proceedings.

In support of its claim for costs and attorney fees, UCS relies on *Fox v. Vice*, 563 U.S. 826 (2011), in which the Supreme Court held that a court may grant reasonable fees to the defendant where the plaintiff asserted both frivolous and non-frivolous claims, "but only for costs that the defendant would not have incurred but for the frivolous claims." *Id*. at 829. This case, however, is not a situation where a plaintiff "present[ed] in one lawsuit distinctly different claims for relief that are based on different facts and legal theories." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). UCS has not cited any cases awarding fees to a defendant where, as here, a plaintiff made purportedly frivolous allegations in support of one overarching claim—i.e., whether UCS denied Dylan a FAPE in violation of the IDEA—upon which the plaintiff prevailed at least in part. UCS would have the court parse each and every allegation in a complaint to determine whether the allegation had a legal or factual basis. A fee request does not require such an exhaustive analysis. *See id*. at 437 ("A request for attorney's fees should not result in a second major litigation.").

Furthermore, as the district court held in rejecting UCS's counterclaim against Jeannine Somberg for costs and attorneys' fees, the allegation that UCS conducted a "secret" IEP meeting without parental involvement was not frivolous. Although the record showed that there was no meeting, administrative mistakes made by UCS led the Sombergs to believe that UCS had changed Dylan's IEP without their involvement. And as for the allegations stricken by the ALJ prior to the hearing, the district court found in dismissing UCS's third-party complaint against Alef that there was not a "serious divide in the body of facts or issues of law which supported a finding of liability against [UCS] and those which were stricken by the ALJ." In addition,

because the ALJ struck the offending allegations shortly after they were filed and before the hearing, leaving numerous allegations that were not stricken, UCS would be hard-pressed to show that it incurred attorney fees that it would not have incurred but for the stricken allegations. Nor has UCS demonstrated that it would not have incurred fees at the administrative hearing but for Alef's purportedly spurious arguments at the hearing, when the ALJ took care to limit the issues prior to the hearing, and the Sombergs prevailed on some of those issues. Under these circumstances, the district court did not abuse its "wide discretion" in dismissing UCS's third-party complaint against Alef for costs and attorneys' fees. *Fox*, 563 U.S. at 829

Because we affirm the district court's decision dismissing UCS's third-party complaint on the merits, we need not reach the additional issue of whether dismissal was proper for failure to prosecute.

For these reasons, we **DENY** UCS's motion to hold this appeal in abeyance and **AFFIRM** the district court's judgment dismissing UCS's third-party complaint against Alef.